MORGENS, WATERFALL,
VINTIADIS & CO., INC.,
et al., Plaintiffs,

v.

DONALDSON, LUFKIN & JENRETTE
SECURITIES CORPORATION,
Defendant.

Donaldson, Lufkin & Jenrette
Securities Corporation,
Counterclaim Plaintiff

v.

Morgens, Waterfall, Vintiadis & Co.,
Inc., and Morgens Waterfall Holdings,
L.L.C., Counterclaim Defendants.

No. 00 CIV. 9527(MP).

United States District Court,
S.D. New York.

April 8, 2002.

Loeb & Loeb, LLP (Benjamin Brafman, John Lang, Paula K, Colbath, of counsel), New York City, for Plaintiffs.

Davis, Polk & Wardwell (Thomas P. Ogden, Frank S. Moseley, of counsel), New York City, for Defendant.

### *ORDER*

MILTON POLLACK, Senior District Judge.

The motion in *limine* by the defendant and counter claim plaintiff Donaldson, Lufkin & Jenrette Securities Corporation for an order excluding at trial the expert testimony of Candace L. Preston is granted, without prejudice however, to a gatekeeper hearing before the Court during a recess of the trial, to determine her status as an expert witness after testimony has been adduced by plaintiff on the factual issues of the alleged misrepresentations to plaintiffs, their materiality to plaintiffs, the plaintiffs' reliance thereon and claimed damages to plaintiffs' therefrom.

As presently advised the Court is of the firm belief that her studies for an expert role in this case include impermissible speculation. The Court is not required to admit out of hand, Opinion evidence which is substantially connected to existing data only by the *ipse dixit* of the expert and by subjective conclusions that have not been validated or are not objectively verifiable.

Preston's credentials themselves do not warrant her acceptance of the facts to be established and conclusions proposed to be expressed thereon.

So ORDERED.